■ SUSAN KHOURY, an Infant, by Her Guardian ad Litem, VICTOR KHOURY, et al., Plaintiffs, v. TIFO CAB CORP., Defendant. PAUL LOMBARDI, Respondent, v. SIGURDUR JOHNSON, Defendant, and NORTH STARLIGHT EXPORT CORP., Appellant. (Action No. 1.) TIFO CAB CORP., Plaintiff, v. NORTH STARLIGHT EXPORT CORP., Defendant. (Action No. 2.) — In a negligence action by Paul Lombardi against North Starlight Export Corp., to recover damages for personal injury, such action having first been consolidated with the other actions in the caption and thereafter severed, the defendant, North Starlight Export Corp. appeals from two orders of the Supreme Court, Kings County: (1) an order, dated June 11, 1964, which denied its motion to direct the plaintiff, Paul Lombardi, to submit to a physical examination; and (2) an order, dated July 20, 1964, which denied its motion to renew or reargue its prior motion. Order of July 20, 1964, affirmed, without costs. No opinion. Appeal from order of June 11, 1964 dismissed, without costs, as academic. This order was superseded by the later order of July 20, 1964 which, in effect, denied a renewed motion based on additional facts; such an order is appealable. Kleinfeld, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., concurs as to the dismissal of the appeal from the order of June 11, 1964, but dissents as to the' affirmance of the order of July 20, 1964, and votes to reverse such order and to grant defendant's renewed motion to direct the plaintiff Lombardi to submit to a physical examination, with the following memorandum: On August 8, 1959 a taxicab, driven by the plaintiff Lombardi, was involved in a collision with a vehicle owned by the defendant North Starlight Export Corp. On September 8, 1959 plaintiff commenced an action against said defendant to recover damages for the personal injuries sustained by him. On April 12, 1962 plaintiff served a bill of particulars. In October, 1963 he served a notice of application for a preference as well as a notice of availability for medical examination. On February 13, 1964 plaintiff's motion for a preference was granted, the order directing that he submit to a physical examination by the defendant. On April 23, 1964 defendant moved for an order directing plaintiff to submit to a physical examination. It is this motion which was denied by the orders appealed from. In my opinion, under the circumstances, it was error to deny the examination. In a case such as this, where a plaintiff claims he sustained serious injuries as the result of an accident, it does violence to justice and to our rules to have him conceal, rather than disclose, the extent of those injuries. Where a plaintiff states his availability for physical examination and then hides behind technicalities to avoid such availability, it is an improvident exercise of discretion to refuse the physcal examination. (For prior related appeal, see *Khoury* v. *Tifo Cab Corp.*, 21 A D 2d 894.)